**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

KAREN L. FODOR,

                    Plaintiff,


          v.                                              13-CV-0784-A
                                                          **ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                    Defendant.
_____

Plaintiff's attorney, William C. Bernhardi, has filed a motion for approval of his fee

pursuant to 42 U.S.C. § 406(b). Before approving Bernhardi's fee, the Court must perform

an "independent check[]" of the request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Upon such review, the Court may approve a "reasonable fee." 42 U.S.C. § 406(b). After

its independent check, and for the reasons stated below, the Court finds that Bernhardi's

requested fee of $11,880.75 is reasonable in this case.

## BACKGROUND

On July 29, 2013, Bernhardi filed a complaint in this Court pursuant to 42 U.S.C.

§ 405(g). The complaint sought review of the Commissioner's decision denying Plaintiff's

application for Social Security benefits. *See* Docket No. 1. After full briefing, Magistrate

Judge Hugh B. Scott issued a Report and Recommendation recommending that the

Plaintiff's case be remanded. This Court adopted Judge Scott's recommendation. In

January 2016, the parties stipulated that, under the Equal Access to Justice Act (EAJA),

Bernhardi was entitled to fees and expenses totaling $5,354.73. Plaintiff's counsel,

1

however, received only $165.81 of that fee award. (Counsel states that his EAJA fee was likely reduced because the Plaintiff owed a debt to the federal government. Docket No. 20-2 ¶ 10.)

On remand, the Administrative Law Judge issued a decision in favor of Bernhardi's client. The Commissioner, however, withheld 25 percent of the Plaintiff's past-due benefits (totaling $11,880.75) for possible attorneys' fees.

Bernhardi then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court.[1] Bernhardi's motion seeks the $11,880.75 that the Commissioner has withheld from the Plaintiff's past-due benefits. Bernhardi states that, if he is awarded the fee he seeks, he will, as required by statute, refund his $165.81 EAJA fee to his client. *See* Docket 20-1 at 5. *See also Gisbrecht*, 535 U.S. at 796. In support of his § 406(b) motion, Bernhardi includes his billing records for this case, which show that he spent 26.3 hours on his representation of the Plaintiff. *See* Docket No. 20-2 at 49.

## DISCUSSION

### A. Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as

---

[1] The Commissioner suggests that Bernhardi's motion is untimely. Docket No. 24. "In view of the unsettled nature of the law" regarding the deadline for § 406(b) motions—both in this District and in this Circuit—"the Court finds that Counsel reasonably lacked notice or constructive knowledge of the applicable time period for filing his § 406(b) motion." *Bentley v. Commissioner*, 524 F. Supp. 2d 921, 924 (W.D. Mich. 2007). Thus, particularly given that Bernhardi filed his motion within one month of the date of the Commissioner's Notice of Award, the Court finds that the motion is timely.

an independent check[] to assure that they yield reasonable results in particular cases."
*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

**B.  Whether Bernhardi's requested fee is "reasonable" under § 406(b)**

With these principles in mind, the Court assesses the reasonableness of Bernhardi's requested fee.  The Commissioner states that she sees no evidence of fraud or overreaching.[2]  Docket No. 27 at 1.  Given the facts of this case, the Court agrees.

In assessing the reasonableness of Bernhardi's requested fee, the Court has also considered that Bernhardi previously stipulated to an EAJA award of $5,354.73 for the same work at issue in his § 406(b) motion.  This provides the Court with a rough baseline of what a "reasonable" fee might be in this case.  Balanced against that fact, however, the Court must consider the Second Circuit's reminder that a contingency agreement, which is the basis for the fee Bernhardi requests in his motion, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment."  *Wells*, 907 F.2d at 371.  Thus, in assessing whether Bernhardi's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that Bernhardi assumes the risk of nonpayment in all of his Social Security matters.

After considering these facts, the Court concludes that Bernhardi's requested $11,880.75 fee is "reasonable."  42 U.S.C. § 406(b).  The Court finds that Bernhardi's requested fee is not a windfall, *see Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005), that Bernhardi did not delay the resolution of this case, and that

---

[2]  Fees requested pursuant to § 406(b) come from the attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public fisc.  Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead she plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht*, 535 U.S. at 798 n.6.

Bernhardi's requested fee reasonably compensates an attorney with Bernhardi's experience in handling Social Security claims.

## CONCLUSION

William Bernhardi's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that Bernhardi is entitled to recover $11,880.75 for his work on this case. Thus, the Commissioner shall release to William Bernhardi the 11,880.75 she has withheld from the Plaintiff's award. Further, Bernhardi shall refund his $165.81 EAJA fee to the Plaintiff. *See* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

**SO ORDERED.**

Dated: July 3, 2018                          ___*s/Richard J. Arcara*_____
    Buffalo, New York                     HONORABLE RICHARD J. ARCARA
                                     UNITED STATES DISTRICT JUDGE